FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2020 SEP 14  PM 12:34

| | |
|---|---|
| JESSICA SHICK, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 5:20-CV-444 OC30 PRL<br>) |
| UNIVERSAL PROTECTION SERVICE, LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW the Plaintiff, JESSICA SHICK, ("PLAINTIFF"), and files this Complaint against Defendant, UNIVERSAL PROTECTION SERVICE, LLC. ("DEFENDANT") respectfully stating unto the Court the following:

### GENERAL ALLEGATIONS

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of 42 U.S.C. §§ 12101, *et seq.* and the Florida Civil Rights Act ("FCRA").

2. At all material times, PLAINTIFF was a citizen and resident of Marion County, Florida.

3. At all material times, DEFENDANT was a Delaware corporation that provided security services, including at the Ocala Regional Medical Center in Ocala, Florida, which is where PLAINTIFF worked at all material times.

## BACKGROUND

4. On or about July 4, 2018, DEFENDANT hired PLAINTIFF to work as a security guard.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331.

7. At all relevant times, PLAINTIFF was qualified for every position she held with DEFENDANT.

8. PLAINTIFF suffers from epilepsy, which limits her ability to perform major life activities, including working.

9. In August 2018, PLAINTIFF had worked seven consecutive days and she was concerned that if she worked an eighth day in a row, she would suffer a seizure, so she called off work and went to see her doctor.

10. PLAINTIFF provided her supervisor, Scott Bentley, with a copy of her doctor's note which in part stated she could not work over 40 hours in a week and that she should avoid 12 hour shifts and overnight assignments.

11. Upon information and belief, DEFENDANT regarded PLAINTIFF as disabled after receiving the doctor's note with her limitations and it would not have been an unreasonable hardship to accommodate the request made on behalf of PLAINTIFF by her physician.

12. When she called out, PLAINTIFF'S supervisor, Scott Bentley, threatened to issue a written disciplinary action against PLAINTIFF although he did not immediately follow-up on his threat.

13. After receiving the request for accommodation, Bentley ignored it and continued to

schedule PLAINTIFF for seven consecutive days and 12 hour shifts.

14. In October 2018, Bentley gave PLAINTIFF a written disciplinary statement for calling out of work after she missed work due to concerns about her epilepsy and despite PLAINTIFF texting a physician's note from her neurologist and providing a hard copy of that note when Bentley and PLAINTIFF met in person. The disciplinary statement was issued as a final written warning and upon information and belief, was designed to make PLAINTIFF resign, which she did. This was a constructive discharge.

15. While issuing the write-up, Bentley told PLAINTIFF that while he knew she had epilepsy, if he knew she had the types of problems she had, then he never would hired her.

16. All conditions precedent to this action have occurred on been waived and PLAINTIFF received a Right to Sue letter within 90 days of the filing of this action.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

17. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

18. PLAINTIFF had a disability and/or DEFENDANT regarded PLAINTIFF as disabled.

19. PLAINTIFF was qualified to work as a security guard and could have performed her job with reasonable accommodations, namely being allowed to work 40 hours per week, and avoid overnight assignments and 12 hour shifts.

20. Rather than accommodate her, DEFENDANT terminated PLAINTIFF and this decision was motivated at least in part by PLAINTIFF'S disability and/or perceived disability and DEFENDANT'S intent to not accommodate PLAINTIFF.

21. As a result, PLAINTIFF has suffered embarrassment and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, backpay, front pay, benefits and other economic relief, pre- and post-judgment interest, damages for emotional pain and suffering, attorney fees and costs of litigation, reinstatement to her former position, punitive damages, and other relief by reason of DEFENDANT'S violations of the ADA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

22. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

23. At all relevant times, PLAINTIFF was a qualified worker with a disability.

24. Upon information and belief, DEFENDANT terminated PLAINTIFF because of PLAINTIFF'S disability and/or perceived disability, or to prevent having to provide PLAINTIFF with a reasonable accommodation.

25. Upon information and belief, the reason for PLAINTIFF'S termination was her disability and/or perceived disability, or at the very least, these were a motivating factor in the decision to terminate PLAINTIFF.

26. As a result, PLAINTIFF has suffered embarrassment and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, backpay, front pay, benefits and other economic relief, punitive damages, pre- and post-judgment interest, damages for her emotional pain and suffering, attorney fees and costs of litigation, reinstatement to her former position, punitive damages, and other relief by reason of DEFENDANT'S violations of the FCRA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may

deem just and proper.

Dated: September 10, 2020

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF

5



SCREENED
By USMS

U.S. Courthouse
207 NW 2nd St.
Ocala, FL 34475

LC M Bank
300 NE 1st St
G-ville, 32601